IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Civil Action No. 08-cv-01836-BNB

F I L E D
UNITED STATES DISTRICT COURT
DENVER, COLORADO

DEC 3 0 2008

GREGORY C. LANGHAM
CLERK

HECTOR H. MARTINEZ JIMENEZ,

      Plaintiff,

v.

PEOPLE OF THE STATE OF COLORADO,
17 DISTRIC[T] COURT ADAMS COUNTY MISCONDUCT BRIGHTON CO 80601,
JUDGE THOMAS R. ENSOR MISCONDUCT,
P.D. LESLEE BARNICLE MISCONDUCT,
D.A. CORIN BRAIDECH MISCONDUCT,
SHERIFF DRISCOLL MISCONDUCT,
ALL STATE INSURANS [sic] N/A, Not Involve Owner Car Other Person
      [Unintelligible] Defendants,
LEISHA LEWIS,
D.A. BOB GRANT, and
D.A. ROBERT GRANT,

      Defendants.

---

ORDER OF DISMISSAL

---

Plaintiff, Hector Hugo Martinez Jimenez, is a prisoner in the custody of the

Colorado Department of Corrections who currently is incarcerated at the Sterling,

Colorado, correctional facility. He filed *pro se* an amended Prisoner Complaint

pursuant to 42 U.S.C. § 1983 (2006). He has been granted leave to proceed *in forma*

*pauperis* pursuant to 28 U.S.C. § 1915 (2006) without payment of an initial partial filing

fee.

On October 3, 2008, Magistrate Judge Boyd N. Boland ordered Mr. Jimenez to

file within thirty days a second amended complaint that complied with the pleading

requirements of Rule 8 of the Federal Rules of Civil Procedure and that asserted each

defendant's personal participation in the alleged constitutional violations. The October

3 order warned Mr. Jimenez that, to the extent he may be attempting to attack his state

court conviction, this Court already has dismissed two prior habeas corpus actions he

filed pursuant to 28 U.S.C. § 2254 (2006) as meritless, *see Jimenez v. Milyard*, No.

No. 06-cv-01120-PSF-MEH (D. Colo. Dec. 28, 2006), and for lack of jurisdiction. *See*

*Jimenez v. People*, No. 08-cv-00834-ZLW (D. Colo. Aug. 15, 2008). On October 30,

2008, Mr. Jimenez filed a second amended complaint.

The Court must construe the second amended complaint liberally because Mr.

Jimenez is representing himself. *See Haines v. Kerner*, 404 U.S. 519, 520-21 (1972);

*Hall v. Bellmon*, 935 F.2d 1106, 1110 (10th Cir. 1991). However, the Court should not

be the *pro se* litigant's advocate. *See Hall*, 935 F.2d at 1110. Under 42 U.S.C.

§ 1983, a plaintiff must allege that the defendants have violated his rights under the

Constitution and laws of the United States while they acted under color of state law.

*Adickes v. S. H. Kress & Co.*, 398 U.S. 144, 150 (1970). For the reasons stated

below, the second amended complaint will be dismissed.

The Court finds that the second amended complaint is deficient because it, too,

fails to comply with the pleading requirements of Rule 8 of the Federal Rules of Civil

Procedure. As Magistrate Judge Boland informed Mr. Jimenez in the October 3, 2008,

order for a second amended complaint, the twin purposes of a complaint are to give the

opposing parties fair notice of the basis for the claims against them so that they may

respond and to allow the court to conclude that the allegations, if proven, show that the

plaintiff is entitled to relief. *See Monument Builders of Greater Kansas City, Inc. v.*

*American Cemetery Ass'n of Kansas*, 891 F.2d 1473, 1480 (10th Cir. 1989). He further informed Mr. Jimenez that the requirements of Fed. R. Civ. P. 8 are designed to meet these purposes. *See TV Communications Network, Inc. v. ESPN, Inc.*, 767 F. Supp. 1062, 1069 (D. Colo. 1991), *aff'd*, 964 F.2d 1022 (10th Cir. 1992).

In the October 3, 2008, order, Magistrate Judge Boland specifically noted that Rule 8(a) requires that a complaint "contain (1) a short and plain statement of the grounds for the court's jurisdiction, . . . (2) a short and plain statement of the claim showing that the pleader is entitled to relief, and (3) a demand for the relief sought . . . ." The philosophy of Rule 8(a) is reinforced by Rule 8(d)(1) which provides that "[e]ach allegation must be simple, concise, and direct." Magistrate Judge Boland further noted that, taken together, Rules 8(a) and (d)(1) underscore the emphasis placed on clarity and brevity by the federal pleading rules. Prolix, vague, or unintelligible pleadings violate the requirements of Rule 8. He pointed out that in order for Mr. Jimenez "to state a claim in federal court, a complaint must explain what each defendant did to him or her; when the defendant did it; how the defendant's action harmed him or her; and, what specific legal right the plaintiff believes the defendant violated." *Nasious v. Two Unknown B.I.C.E. Agents*, 492 F.3d 1158, 1164 (10th Cir. 2007).

Mr. Jimenez's second amended complaint, like the amended complaint he previously filed, is unintelligible. The second amended complaint fails to set forth a short and plain statement of his claims showing that he is entitled to relief. *See* Fed. R. Civ. P. 8(a)(2). Rather than summarizing each claim succinctly, Mr. Jimenez still

apparently expects the Court to speculate who is being sued for what and how his constitutional rights have been violated. That is not a judicial function. As Magistrate Judge Boland stated in the October 3, 2008, order, it is Mr. Jimenez's responsibility to present his claims in a manageable format that allows the Court and the Defendants to know what claims are being asserted and to be able to respond to those claims. Mr. Jimenez must allege, simply and concisely, his specific claims for relief, including the specific rights that allegedly have been violated and the specific acts of each Defendant that allegedly violated his rights. Personal participation is an essential allegation in a civil rights action. *See Bennett v. Passic*, 545 F.2d 1260, 1262-63 (10th Cir. 1976).

A decision to dismiss a complaint pursuant to Rule 8 is within the trial court's sound discretion. *See Atkins v. Northwest Airlines, Inc.*, 967 F.2d 1197, 1203 (8th Cir. 1992); *Gillibeau v. City of Richmond*, 417 F.2d 426, 431 (9th Cir. 1969). The Court finds that the second amended complaint does not meet the requirements of Fed. R. Civ. P. 8 and must be dismissed. Accordingly, it is

ORDERED that the second amended complaint and the instant action are dismissed without prejudice for failure to comply with the pleading requirements of Rule 8 of the Federal Rules of Civil Procedure.

DATED at Denver, Colorado, this 30 day of __December__, 2008.

BY THE COURT:

ZITA L. WEINSHIENK, Senior Judge
United States District Court

4

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

**CERTIFICATE OF MAILING**

Civil Action No. 08-cv-01836-BNB

Hector H. Martinez Jimenez
Reg. No. 106871
Sterling Correctional Facility
PO Box 6000
Sterling, CO 80751

    I hereby certify that I have mailed a copy of the **ORDER AND JUDGMENT** to the above-named individuals on 12/30/08

GREGORY C. LANGHAM, CLERK

By:_____
                          Deputy Clerk